UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DISCOVER BANK,

    Appellant,

 v.               Case No. 09-C-1155

JAMES ANTHONY,

    Appellee.

## DECISION AND ORDER

  Between October 6 and 16, 2008, the Debtor in this bankruptcy appeal obtained cash advances of more than $3,000 from a credit card issued by Discover Bank. On November 25, 2008, an Order of Relief was entered was entered in the bankruptcy court. Under 11 U.S.C. § 523(a)(2)(C)(i)(II), cash advances exceeding $825 obtained within 70 days prior to an order of relief are presumed to be non-dischargeable. The idea is that soon-to-be bankruptcy debtors should not be allowed to run up their debt immediately prior to obtaining relief in bankruptcy. Discover Bank filed an adversary proceeding, and a trial was held in the bankruptcy court. The bankruptcy judge concluded that James Anthony, the Debtor, had adequately rebutted the presumption of nondischargeability and had shown that he lacked any intent to defraud Discover Bank. Discover Bank now appeals that determination.

  Immediately following the brief trial, Judge McGarity rendered her oral decision. She began by noting that the exceptions to discharge are to be liberally construed in favor of debtors. (Dkt. # 1, Ex. 16 at 25.) She concluded that the Debtor was unsophisticated in financial matters and the record

did not support the inference that he ran up his cash advances in anticipation of bankruptcy. Anthony testified that he had seen a financial counselor, which suggested to the bankruptcy judge that the Debtor actually did intend to pay his debts at the time he incurred them. In addition, the judge believed Anthony's testimony that he essentially had no understanding of bankruptcy until he met with the financial counselor soon before he filed – *after* he incurred the Discover debts at issue here. Finally, the debts he had incurred were used for paying his bills and to satisfy other debts (two mortgages and a car payment) rather than for any kind of lavish or unusual expenditures. Using credit cards and advances to pay monthly obligations (including other debts) was evidently Anthony's longstanding practice. Based on these facts, the bankruptcy court concluded that Anthony had rebutted the presumption that the Discover Card debt was non-dischargeable.

A district court, like the Court of Appeals, reviews a bankruptcy court's determinations of law de novo and its findings of fact for clear error. *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009); Rule 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Under this standard, the bankruptcy court's decision must be affirmed.

Discover Bank argues that the presumption of nondischargeability was not overcome because Anthony was a man clearly in financial trouble and he used cash advances, in his own terms, to "rob Peter to pay Paul." (*Id.* at 19.) This was a reckless way of attempting to meet one's financial obligations, and Anthony must have recognized that he could not possibly keep up with his bills in that fashion.

2

Case 1:09-cv-01155-WCG   Filed 05/19/10   Page 2 of 4   Document 6

It is true that a profligate financial lifestyle could constitute evidence of a debtor's intent to defraud his creditors. *In re Haley,* 2006 WL 2035717, *2 (Bkrtcy. C. D. Ill. 2006) ("actual fraud may be proved by showing that the debtor's financial circumstances had gone so far South at the time the charges were made, that he could have had no reasonable expectation of having the ability to repay them."). But dire financial straits can rarely suffice to show fraud because most individuals find themselves in serious financial trouble immediately prior to their filing for bankruptcy. Courts look to a number of factors in assessing a debtor's intent at the time he takes a cash advance, and Judge McGarity focused on the most relevant considerations.[1] Anthony was financially unsophisticated, and the judge evidently found him credible in his testimony that he did not fully understand bankruptcy and had not considered it a viable option until *after* he took the cash advances from Discover. He did not exceed the limit of the credit card, and the advances were not all made on the same day. He was employed, and he was generally attempting to avoid bankruptcy. The advances were used to pay other bills. Perhaps most importantly, Anthony testified that he had routinely used cash advances for several years to pay off his bills, which meant that these cash advances were more "business as usual" than an effort to defraud Discover Bank. Unwise as that practice was, it ended up being a game of musical chairs, and Discover Bank was left without a seat

---

[1] Those factors include: (1) the length of time between charges made and bankruptcy filing; (2) whether an attorney was consulted regarding bankruptcy before the charges were made; (3) the number of charges made; (4) the amount of the charges; (5) the debtor's financial condition when the charges were made; (6) whether the charges exceeded the credit limit of the card; (7) whether multiple charges were made on the same day; (8) whether the debtor was employed; (9) the debtor's prospects for employment; (10) the debtor's financial sophistication; (11) sudden changes in the debtor's buying habits; and (12) whether the purchases were for luxuries or necessities. *In re Alvi,* 191 B.R. 724, 733 (Bankr. N.D. Ill. 1996) (citing *In re Dougherty*, 84 B.R.653, 657 (9th Cir. BAP 1988)).

when the music finally stopped.  Although that is unfortunate, it means Discover was the victim of bad timing rather than fraud.

These factors were largely uncontested during the trial, and there is no basis by which this Court could overturn the factual findings made by the bankruptcy judge.  The court's findings were not clearly erroneous.  Anthony was able to show that he had no intent to defraud Discover Bank, and the bankruptcy court did not err in concluding that the debt was dischargeable.  Accordingly, the bankruptcy court's judgment is **AFFIRMED**.

**SO ORDERED** this    18th    day of May, 2010.

 s/ William C. Griesbach   
William C. Griesbach  
United States District Judge
